IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| REGINA M. PREETORIUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-072 |
| | ) | (Formerly CR 112-204) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, an inmate at the federal correctional institution in Aliceville, Alabama, filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. On June 10, 2016, the Court directed Respondent to file an answer or response within sixty days. (Doc. no. 3.) On June 27, 2016, prior to the filing of any response by Respondent, Petitioner filed a motion to voluntarily dismiss, without prejudice, her § 2255 motion. (Doc. no. 4.)

Petitioner may voluntarily dismiss her motion pursuant to Fed. R. Civ. P. 41(a)(1) because Respondent has not filed an answer or motion for summary judgment in this case.[1] This Court and other courts have approved the practice of dismissing § 2255 actions without

---

[1] Under Rule 12 of the Rules Governing Section 2255 Cases, "[t]he Federal Rules of Civil Procedure . . . , to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

prejudice. See, e.g., Cooks v. United States, CV 114-091, doc. no. 10 (S.D. Ga. Oct. 2, 2014); McGee v. United States, CV 111-192, doc. no. 10 (S.D. Ga. Aug. 17, 2012); see also Weeks v. United States, 382 F. App'x 845, 850 (11th Cir. 2010) (noting dismissal of § 2255 motion without prejudice). Therefore, the Court finds that it is appropriate to dismiss the case pursuant to Petitioner's motion.

However, Petitioner should note that, while a subsequent § 2255 motion will not be barred purely by virtue of the dismissal of this action, any future petition for a writ of habeas corpus and/or § 2255 motion that she files will be subject to all statutory provisions applicable to such actions, including those enacted under the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. §§ 2244 & 2255. Accordingly, the Court **GRANTS** Petitioner's motion to dismiss, (doc. no. 4), **DISMISSES** this case without prejudice, **DIRECTS** the **CLERK** to **TERMINATE** all pending motions and deadlines, and **CLOSES** this case.

SO ORDERED this 28th day of June, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA