IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 112-204 |
| | * | |
| REGINA M. PREETORIUS | * | |

O R D E R

Following a seven-day jury trial in 2013, Defendant Regina M. Preetorius was found guilty and subsequently sentenced to serve a total term of 280 months imprisonment upon convictions for mail fraud, wire fraud, and money laundering. The Eleventh Circuit affirmed Defendant's conviction and sentence. (Doc. No. 120.)

In December 2016, Defendant filed a motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255, asserting several grounds for an ineffective assistance of counsel claim. (Doc. No. 123.) The United States Magistrate Judge recommended that the habeas petition be denied; the Court adopted the Report and Recommendation on October 12, 2017 and closed the habeas case. (Doc. No. 141.) On appeal, the Eleventh Circuit granted a Certificate of Appealability on the claim that Defendant's trial counsel was ineffective in advising her of the Government's plea offer. Nevertheless, the Eleventh Circuit ultimately affirmed

this Court's denial of that claim in February 2019. (Doc. No. 149.)

Recently, Defendant filed a motion under Federal Rule of Criminal Procedure 52, arguing that the Court erred in its computation of the sentencing guideline range. Rule 52(b)'s plain error standard "was intended for use on direct appeal" and "is out of place when a prisoner launches a collateral attack against a criminal conviction." United States v. Frady, 456 U.S. 152, 164 (1982); see Molina-Martinez v. United States, 578 U.S. 189, 189 (2016) (explaining that Rule 52(b) provides a mechanism by which an incorrect guideline range calculation may be remedied *on direct appeal* even if the error was not raised in the trial court).

As the time for Defendant's direct appeal from her conviction and sentence has long passed, the instant motion to correct plain error is a collateral attack on the validity of her sentence. A § 2255 petition is the proper mechanism for a federal prisoner to raise a collateral attack on the validity of the sentence imposed. United States v. Holt, 417 F.3d 1172, 1174-75 (11th Cir. 2005). Thus, regardless of Defendant's label, the motion is an attempt to bring a § 2255 challenge. Because Defendant has already litigated a § 2255 motion, she must seek authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. See 28 U.S.C. § 2255, § 2244(b)(3). "The bar on second or successive [§ 2255] motions is jurisdictional." In re Morgan,

717 F.3d 1186, 1193 (11th Cir. 2013).  Thus, this Court lacks jurisdiction to consider the merits of Defendant's motion.

Upon the foregoing, Defendant's "Petition for Relief Pursuant to F.R.C.P. Rule 52(b)" (doc. 154) is hereby **DISMISSED** for lack of jurisdiction.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of June, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA